De Hanne *v.* Bryant.

## SARAH H. DE HANNE

### *v.*

## DORASTUS L. BRYANT.

[Filed February 4th, 1901.]

Where defendant asserted title to an easement in a water course across complainant's premises, and had gone on the premises, without complainant's consent, to repair the stream every year since 1879, and had destroyed a gate erected by complainant to lessen the flow of the water, equity has no jurisdiction, prior to a settlement of the question of defendant's rights at law, to quiet title to the easement, under the acts giving jurisdiction in case complainant is in peaceable possession of the property.

Heard on bill, answer, replication and proofs.

*Mr. Benjamin W. Ellicott,* for the complainant.

*Mr. James H. Neighbour,* for the defendant.

EMERY, V. C.

Complainant, who is the owner of a farm in Randolph township, Morris county, containing about eight acres, files her bill to quiet title to the lands, against the defendant, who is the owner of a tract of land adjoining the complainant's lands. Complainant's bill contains the allegations necessary to give jurisdiction under the act to quiet title, viz., that she is in peaceable possession of the premises; that the defendant claims some interest in the lands, and that no suit of action is pending to test the validity of the defendant's claim. Defendant's answer admits the complainant's possession of her lands, except so far as it is encumbered by defendant's estate, claims title and interest to a part thereof, as subject to an easement of a water course over complainant's lands, which conveys part of the waters of Cory brook, a natural water course, through complain-

De Hanne *v.* Bryant.

ant's lands, by a ditch constructed thereon, and on to defendant's adjoining lands. The source of the defendant's record title is set out, as originating in a writing which is claimed to have the effect of a grant of the easement to defendant's predecessors in title, in the year 1797, and defendant also claims a prescriptive right to the easement acquired by open, notorious and continuous exercise of the right acquiesced in by the complainant and her predecessors in title for over twenty years. These allegations are substantially and in effect a denial of peaceable possession.

The sole question at issue is the existence of this easement in favor of the defendant over complainant's lands, and complainant denies the existence of any easement to any extent whatever in defendant's favor.

The case, therefore, is not one where the existence of an easement to some extent is already established at law or admitted by the complainant, and the bill is filed to have the extent of the easement finally declared and settled by a court of equity under its general equitable jurisdiction. It is, on the contrary, a case where the entire question of the existence of the right to an easement, which is a purely legal right, is brought for decision in the first instance to a court of equity. The act to quiet title confers upon the court of equity jurisdiction to settle a question of legal title, without a previous settlement of the title at law, but only under the exceptional conditions specified in the act, which conditions are fixed for the purpose of requiring, as preliminary to the equitable jurisdiction, the existence of a state of facts, under which the question of the legal right claimed by the defendant cannot be brought by the complainant before the legal tribunals. These preliminary conditions are, *first,* that the complainant's possession is peaceable, and *second,* that no action is pending to test the validity of the defendant's title, and satisfactory proof of such peaceable possession must be made by the complainant before the court of equity can proceed to settle the question of legal title. *Sheppard* v. *Nixon, 16 Stew. Eq. 627 (Errors and Appeals, 1887);* *Allaire* v. *Ketcham, 10 Dick. Ch. Rep. 169 (1896),* and cases there cited (at *p. 901*).

By peaceable possession under this act is meant peaceable, as

against the defendant, and the test of such peaceable possession is, whether the defendant, setting up a claim of title has interfered with the complainant's possession of the premises or trespassed thereon, by acts suable at law and of such a character that suit at law by complainant upon them would or might involve the defendant's title.   This is the test applied by me in *Allaire* v. *Ketcham, supra,* and by Vice-Chancellor Reed in a later case not reported.

In the present case the proofs show that defendant, or persons acting by his authority, have entered on the complainant's premises for the purpose of cleaning and repairing the water course, without complainant's consent and under claim of right, and that the defendant has also, within twenty years, claimed and exercised the right to control, to a certain extent, the flowage of the water above complainant's premises from the brook across an intervening owner and on to complainant's lands.   Defendant himself says that he has had men to repair the ditch all through complainant's property, and that he has had the men cleaning it out every spring since he moved there (about 1879). Wilson Bell, one of the defendant's witnesses, swears that he did work all the way along the ditch for defendant for the past twenty-one years.   Complainant herself says that she has seen several of the defendant's people on the property and near her house fixing the ditch, as she supposed, but that it was not by her consent or permission.   Her husband, who has had charge of the place for her since her purchase, says also that persons had been on the property during his absence repairing the ditch, but without his consent or permission; that he noticed this a number of times since 1884 and up to the spring of 1900.   On one occasion (1883) he directed two men who were digging in the ditch, and whom he presumed were working for Bryant, to leave his premises.   On the 28th of March, 1900, this witness, for the purpose of lessening the flow of the water through the complainant's property, put a gate or frame into the ditch at the upper end of her property, where the water enters her property and just inside of her fence line.   The defendant entered the complainant's property, took out the gate and threw it away, and in a day or two commenced suit in a justice's court against

the complainant's husband for obstructing the water course. In this suit the husband, as defendant, pleaded title in complainant and commission of the alleged acts of obstruction under her rightful authority, and having given bond, as provided by the statute, the suit in the justice's court was superseded. Suit was subsequently commenced in the circuit court, by the present defendant against the husband of the complainant, and is now pending. This suit is now pending for trial at the Morris county circuit court, and complainant's bill was filed, so far as I can gather from the evidence before me, after the commencement of the suit, but before the plea of title. While the filing of the plea of title and giving the bond has the effect of superseding the jurisdiction of the justice (*Justice's Court act* § *25 et seq.*), yet, until after the expiration of the three months specified in the bond for the commencement of the suit in the higher court to try the title, it is doubtful whether the complainant is in a position to invoke the aid of a court of equity under the act to quiet title, on the ground that no suit is pending to test the validity of the defendant's claim. But without deciding this point, I conclude upon the whole evidence that entries have been made and acts have been committed upon complainant's premises by the defendant, or under his authority, under claim of right to the easement set up in his answer to his suit, for which the defendant is suable at law, and that these entries and acts have been such that in a suit thereon the validity of defendant's claim would be involved, or could be put in issue. Complainant's possession, therefore, is not a peaceable possession, as against the defendant, and this court has in the present case no jurisdiction to try and determine the legal title to the easement in dispute. I will hear counsel as to whether the bill should be dismissed or the hearing be directed to stand over until after the settlement of the title at law.